COLUMBIA GAS TRANSMISSION CORP.

v.

ASHLEIGH HEIGHTS LLC

No. CIV.A. WMN–01–2876.

United States District Court, D. Maryland.

Nov. 19, 2002.

Mark W. Wasserman, Michael S. Dingman, Reed Smith LLP, Falls Church, VA, for Plaintiffs.

### MEMORANDUM & ORDER

NICKERSON, Senior District Judge.

Before the Court is Plaintiff's Motion for Enforcement of Settlement Agreement (Paper No. 16). The motion is ripe for decision. Upon review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion will be denied.

On July 9, 2002, this Court entered a Settlement Order (Paper No. 15) in which the underlying action was dismissed without prejudice to the right of a party to move for good cause within 30 days to reopen the action if the settlement was not consummated. If neither party moved to reopen within that time, the order indicated that the dismissal was to be with prejudice. On October 21, 2002, Plaintiff filed the instant motion to enforce the private settlement agreement entered into by Plaintiff and Defendant. Plaintiff argues that Defendant has failed to comply with a provision of the agreement.

As the United States Supreme Court has recognized, the enforcement of a contractual settlement agreement "is more than just a continuation or renewal of the dismissed suit." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). "If the obligation to comply with the terms of the agreement is not made part of an order of the court, jurisdiction to enforce the settlement agreement will not exist absent some independent basis of jurisdiction." *Smyth ex. rel. Smyth v. Rivero*, 282 F.3d 268, 281 (4th Cir.2002). This Court neither expressly maintained jurisdiction to enforce the parties' settlement agreement nor incorporated the terms of the settlement agreement in its July 9, 2002 Order. In addition, there appears to be no independent basis for federal jurisdiction over this contract dispute. Enforcement of a settlement agreement is essentially an action for breach of contract, which is governed by state and not federal law. Therefore, this motion will be denied due to lack of subject matter jurisdiction.

Accordingly, IT IS this day of November, 2002 by the United States District Court for the District of Maryland, ORDERED:

1. That Plaintiff's Motion for Enforcement of Settlement Agreement (Paper No. 16) is hereby DENIED; and

2.  That the Clerk of Court shall mail or transmit copies of this memorandum and order to all counsel of record.